EHRLICH, Justice.
This disciplinary proceeding is before us on a complaint by The Florida Bar and the contested report of the referee. We have jurisdiction, article V, section 15, Florida Constitution.
The facts underlying the bar’s complaint involves Carlon’s association with attorney Marie Hotaling in her representation of the Tam-O-Shanter Condominium Association.[1] Hotaling took Carlon to a meeting of the newly elected association board and introduced Carlon as an expert in condominium law. Each of the three board members testified at the hearing before the referee below that they informed Carlon and Hotal-ing at this meeting that the association could only afford to pay one attorney. The board members’ uncontroverted testimony reveals that both Hotaling and Carlon agreed that Carlon would receive part of Hotaling’s fee and that Carlon would assist Hotaling at no additional charge to the client. Carlon’s testimony below was essentially that he had no recollection of the discussion concerning the fee arrangement.
The association paid the bills submitted by Hotaling. However, in direct violation of the fee agreement, Carlon began billing the association for his services. When the bills went unpaid Carlon sued the association for his fees and obtained a default judgment against them. Carlon then garnished the association’s bank account in the amount of $1,048.
The referee found that there was overreaching in this matter by Carlon and that Carlon was not entitled to the monies he obtained from the association. The referee therefore recommended that Carlon be found guilty of violating former Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility (conduct involving dishonesty, fraud, deceit or misrepresentation). The referee recommended that Car-lon receive a public reprimand to be administered by his personal appearance before the Board of Governors of The Florida Bar, and that Carlon make restitution to the Tam-O-Shanter Condominium Association in the amount of $1,048.
We approve the report of the referee as it is fully supported by the evidence and we adopt his recommendations.
Accordingly, it is the opinion of this Court that the respondent, John T. Carlon, Jr., appear before the Board of Governors of The Florida Bar to receive a public reprimand and that he make restitution to the Tam-O-Shanter Condominium Association in the amount of $1,048. Judgment for costs in the amount of $680.60 are hereby entered against respondent for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, SHAW and BARKETT, JJ., concur.

. Hotaling's unethical conduct in this representation formed part of the basis for her recent disbarment. See The Florida Bar v. Hotaling, 485 So.2d 821 (Fla. 1986).